IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ICARUS HARMON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TRANS UNION, LLC | : | NO. 25-2388 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                              December 15, 2025

      The Court held a Rule to Show Cause hearing in this recently settled case, requiring Plaintiff's counsel Vicki Piontek to appear in person and explain why she should not be sanctioned for failing to comply with the court's orders and communications respecting the settlement conference. Doc. 22. Because Ms. Piontek's non-compliance did not ultimately impede the settlement conference, I decline to issue any further sanction beyond this admonishment.

**I.    PROCEDURAL HISTORY**

      Plaintiff, through Ms. Piontek, initiated this action on May 11, 2025, raising claims against a single defendant "for alleged violations of the Fair Credit Reporting Act (FCRA) and the Fair and Accurate Credit Transaction Act (FACTA), 15 U.S.C. [§] 1681, et seq." Doc. 1. ¶ 1. Following the parties' initial pretrial conference, the Honorable Harvey Bartle, III, referred the case to me to conduct a settlement conference to be held in October if possible. Doc. 14.

      On September 19, 2025, my chambers reached out to counsel for both parties by email proposing dates in October for a settlement conference. Neither party having

responded, my chambers reached out a second time on October 14, 2025, and a third time on October 31, 2025. Defense counsel then responded with available dates for the defense, and, still not having heard from Ms. Piontek, I scheduled a remote video settlement conference for November 19, 2025. Doc. 18. The order scheduling the conference directed each party to submit to chambers via email a confidential settlement memorandum containing certain enumerated information, no later than four business days prior to the settlement conference. Id.[1] Several days prior to the conference, via email, my chambers provided both counsel with the video link and reminded them of the due date of their settlement memoranda. On November 18, 2025, the day before the settlement conference, my chambers emailed Ms. Piontek to advise that her settlement memorandum was overdue. Ms. Piontek responded requesting a template, and then later with a follow-up question requesting information contained in the order scheduling the conference, clearly indicating that she had not reviewed the order scheduling the conference. Ms. Piontek eventually submitted a settlement memorandum at 11:41 p.m. that night.

On November 19, 2025, Ms. Piontek appeared virtually for the conference, logging on a few minutes after the scheduled time. At the outset, she was situated in a car, wearing a t-shirt and pink "puffer" coat. I inquired whether she was driving, and she responded that she was not but was in her car because she had to drop off a family

---

[1] These instructions are also included on the Court's website under my policies and procedures.
https://www.paed.uscourts.gov/sites/paed/files/documents/procedures/heypole.pdf.

member.  Later in the proceeding, she appeared to be in her kitchen in the same clothing.  During the conference, another individual -- presumably a member of Ms. Piontek's household -- entered and exited the room multiple times.

Although the parties reached a settlement after the conference, I concluded that Ms. Piontek's conduct leading up to and during the conference warranted consideration of sanctions.  Accordingly, I scheduled a Rule to Show Cause hearing sua sponte.

At the December 8, 2025 hearing, I recited the above history and permitted Ms. Piontek to explain her behavior.  She expressed remorse for her late submission and promised to improve her conduct.  However, she offered no explanation for her unprofessional attire or setting.  She explained that while she is "bad at following directions" she nevertheless believed she had responded to the court's scheduling emails and theorized that perhaps those responses had been lost in "spam."[2]  She professed familiarity with the court's website containing the judges' procedures, but admitted that she was unaware of the court's procedures for remote appearances.[3]  At the conclusion of the hearing, I advised Ms. Piontek that I would not be issuing any further sanction aside from an admonishment, and that this order would follow.

---

[2]This is exceedingly unlikely, in that several emails between Ms. Piontek and my chambers were successfully sent and received on the day prior to the settlement conference.

[3]See Protocols For Remote Video Proceedings in the United States District Court for the Eastern District of Pennsylvania, available at https://www.paed.uscourts.gov/sites/paed/files/documents/Protocols%20for%20Remote%20Proceedings.pdf.

## II. DISCUSSION

Federal Rule of Civil Procedure 16 addresses a district court's authority to conduct pretrial conferences, including settlement conferences. Fed. R. Civ. P 16(a)(5). The Rule provides that a court may, on motion or sua sponte, issue sanctions if a party or its attorney fails to obey a pretrial order. Id. R. 16(f)(1)(C). The court "may issue any just orders" including the sanctions authorized for discovery violations. Id. R. 16(f)(1) (citing id. R. 37(b)(2)(A)(ii)-(vii)). Additionally, instead of or in addition to any other sanction, courts must require the sanctioned party and/or its attorney to pay reasonable expenses incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust. Id. R. 16(f)(2).

Courts in the Third Circuit have imposed sanctions -- usually attorney's fees -- based on an attorney's failure to abide by orders scheduling settlement conferences. See, e.g., Grant v. Omni Health Care Sys. of NJ, Inc., No. 08-306, 2009 WL 3151322, at *18 (D.N.J. Sept. 24, 2009) (failure to submit timely settlement memorandum among other failures); Metcalf v. Merrill Lynch, Pierce, Fenner & Smith, Inc., No. 11-127, 2018 WL 6005457, at *5-6 (M.D. Pa. Oct. 31, 2018) (failure to submit timely settlement memorandum); Karahuta v. Boardwalk Regency Corp., No. 06-4902 2007, WL 2825722, at *6 (E.D. Pa., Sept. 27, 2007) (failure to ensure attendance of representative with settlement authority); cf. Adams v. Corr. Corp. of Am., No. 10-259, 2011 WL 4974198, at *4 (M.D. Pa., Oct. 19, 2011) (declining to impose sanctions where plaintiffs' counsel

informed the court and opposing counsel in advance that settlement discussions were not likely to be fruitful because not all plaintiffs could attend).[4]

I conclude that the sanction of this formal admonishment is appropriate.  Ms. Piontek's conduct in not responding to the court's emails, not submitting a timely settlement memorandum, and inquiring of court staff as to the requirements of the memorandum, all resulted in wasting court staff time that would have been unnecessary had she read and adhered to the court's communications and orders.  Further, her unprofessional appearance during the conference undermined the serious nature of proceedings before the court – even remote proceedings.  As reflected in the court's Protocol for Remote Video Proceedings, supra n.3, remote appearances must be conducted from a quiet and private indoor location free from distractions, including other individuals passing through the frame of view, and counsel must wear professional attire as if appearing in person.

---

[4] It is well-settled that federal courts also have the inherent power to sanction parties appearing before them for refusing to comply with their orders and to control litigation.  See Adams, 2011 WL 4974198, at *2 (citing Tracinda Corp. v. DaimlerChrylser AG, 502 F.3d 212, 242 (3d Cir. 2007); Chambers v. Nasco, Inc., 501 U.S. 32 (1991)).  In Chambers, the Supreme Court reaffirmed that federal courts possess inherent authority to "impose silence, respect, and decorum, in their presence, and submission to their lawful mandates."  501 U.S. at 43 (quoting Anderson v. Dunn, 19 U.S. 204 (6 Wheat.) 227 (1821)).  At the same time, the Court emphasized that when misconduct can be adequately addressed under the Federal Rules, a court should ordinarily rely on those Rules rather than its inherent power, resorting to inherent authority only if the Rules are inadequate to address the particular misconduct.  Id. at 50.  Rule 16 provides sufficient authority for the admonishment issued here.

I impose no other sanction.  Unlike the cases in which attorney's fees were imposed for failure to timely file a settlement memorandum, Ms. Piontek ultimately did file a memorandum, albeit late.  Moreover, her belated compliance did not cause the settlement conference to be cancelled or otherwise frustrate the settlement process.  Under these circumstances, an award of expenses would be unjust.  I am also mindful that sanctions should be narrowly tailored to meet the misconduct.  See generally Klein v. Stahl GMBH & Co. Maschinefabrik, 185 F.3d 98, 111 (3d Cir. 1999).  Accordingly, an admonishment is the appropriate sanction.